IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| World Imports, Ltd. | : | BANKRUPTCY NO. 13-15929(SR) |
| Debtor. | : | |
| IN RE: | : | CHAPTER 11 |
| World Imports Chicago, LLC | : | BANKRUPTCY NO. 13-15935(SR) |
| Debtor. | : | |
| IN RE: | : | CHAPTER 11 |
| World Imports South, LLC | : | BANKRUPTCY NO. 13-15933(SR) |
| Debtor. | : | |
| IN RE: | : | CHAPTER 11 |
| 11000 LLC | : | BANKRUPTCY NO. 13-15934(SR) |
| Debtor. | : | |

**DEBTORS' MOTION FOR AN ORDER PURSUANT TO 11U.S.C. §363(c) AND
FED. R. BANKR. P. 4001, AUTHORIZING DEBTOR TO USE
<u>CASH COLLATERAL AND PROVIDE ADEQUATE PROTECTION</u>**

World Imports, Ltd., World Imports Chicago, LLC, World Imports South, LLC and 11000 LLC (collectively, the "Debtors") by and through their proposed counsel, Braverman Kaskey P.C., hereby move this Court, pursuant to §363 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an Order Pursuant to 11 U.S.C. §363(c) and Fed.R.Bankr.P. 4001, Authorizing Debtor to Use Cash Collateral and Provide Adequate Protection, (the "Motion") and in support thereof, aver as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of the Debtor's Chapter 11 cases and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein are §363 of the Bankruptcy Code and Rule 4001 of the Bankruptcy Rules.

## BACKGROUND

2.    On July 3, 2013 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the Bankruptcy Code. Since the Petition Date, each of the Debtors has remained in possession of its assets and continues in the management of its business as debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

3.    World Imports Ltd. ("WIL") was founded in 1986 by Stan and Sandy Luber, who had originally started the business as a "side venture". The company initially operated out of a public warehouse, and later purchased and moved into its own facility at 3506 "F" Street in the Kensington section of Philadelphia. As its sales continued to increase, WIL outgrew that location, and eventually moved all Philadelphia operations into the present facility at 11000 Roosevelt Boulevard. In 2009 the Lubers formed World Imports South, LLC ("South"). South opened a warehouse facility in Walls MS, and has been steadily profitable since its inception. In 2011 the Lubers formed World Imports Chicago, LLC ("Chicago"). Chicago opened a warehouse facility in Chicago, IL in an effort to become a nationally recognized furniture import company, servicing retail furniture stores of all types. 11000 LLC is a Pennsylvania limited liability company, which is owned by Marc C. Luber. 11000 LLC is the owner of 11000

Roosevelt Boulevard, a portion of which it leases to WIL.

4. No trustee or examiner has been appointed in this case. No official committee of unsecured creditors has been appointed in this case.

## PRE-PETITION FINANCING FROM PNC BANK

5. As of the Petition Date, WIL, Chicago and South were joint borrowers under a line of credit facility with PNC Bank (the "PNC Loan") As of June 30, 2013, the outstanding balance under the PNC Loan was approximately $11,174,487. 11000 granted PNC Bank a mortgage on 11000's real property located at 11000 Roosevelt Boulevard, Philadelphia, PA as additional security for the PNC Loan.

6. PNC Bank asserts that the PNC Loan is secured by all present and future accounts, chattel paper, contracts, documents, inventory, equipment and accessions, general intangibles, instruments, and any proceeds and products of the foregoing located in all business locations (collectively, the "Collateral").

7. The unpaid aggregate liability of the Debtors to PNC Bank under the PNC Loan as of the Petition Date is approximately $11,147,000.00.

8. The Debtors' primary assets are cash, accounts receivable, inventory, machinery and equipment.

9. The Debtors intend to engage in discussions with PNC Bank to reach a consensual agreement on the Debtors' use of cash collateral and the adequate protection to be afforded to PNC Bank after the Petition Date. However, in the event no agreement is reached, the Debtors are requesting that the Court authorize the use of cash collateral.

10. The Debtors, in the normal course of its business, incurs obligations to suppliers, for a variety of goods and services, as well as to its employees, which are essential to the

continued existence of the Debtors as a going concern. Absent the immediate authority to use their cash, the Debtors do not have the funds with which to conduct their business.

11. Moreover, the Debtors would not have the ability to make payroll which is due and payable every Friday. An abrupt cessation of the Debtors' business would cause extreme hardship to the Debtors' customers, and their numerous creditors and to the approximately 115 employees of the Debtors. Simply stated, in order to continue the operation of the Debtors' businesses, it is necessary for the Debtors to immediately be authorized to use its cash collateral.

12. It is also crucial that the Debtors' post-petition payroll obligations be paid as those obligations come due.

13. The Debtors must maintain its relationship with its employees so that the essential services they provide are uninterrupted. If the Debtors' present employees terminate their employment, the Debtors will be forced to hire new, untrained employees. As a result, clients will receive less than satisfactory service. The Debtors will suffer negative publicity and Debtors' relationship with their creditors could also be jeopardized.

<u>RELIEF REQUESTED - USE OF CASH COLLATERAL</u>

14. The Debtors requests that the Court authorize the Debtor to use (a) cash, (b) proceeds of the pre-petition collateral, and (c) such other funds that the Debtors obtain post-petition which may be subject to PNC Bank's pre-petition security interest.

15. The Debtors request authority to use cash collateral in the amount to be set forth on a budget which is being negotiated and will be submitted to the Court on or before the hearing date for the Motion. The use of cash collateral is necessary in order for the Debtors to be able to operate and pay its post-petition obligations as they come due.

16. Approval of the Debtors' request to use cash collateral is in the best interest of the

Debtors, their estates and creditors.

17. In accordance with Bankruptcy Rule 4001, the Debtors request that the use of cash collateral first be preliminarily approved and then subsequently be finally approved at a subsequent hearing upon further notice to parties in interest. In accordance with Bankruptcy Rule 4001, the Debtors request that the final hearing be scheduled so that at least fourteen (14) days notice has been provided to parties in interest.

18. The entry of any Order authorizing the use cash collateral is without prejudice to the rights of the Debtors, its creditors, any trustee appointed herein, or other party in interest, to contest the validity, extent or priority of any rights granted pursuant to the PNC Loan or any security interest arising out of or related to PNC Loan and any other loan from any person or entity.

19. Neither the Debtors' use of cash collateral nor any payments that may be authorized by the Court to PNC Bank constitute a waiver by PNC Bank or the Debtors or any other party in interest of any right or claim each may now have or in the future have with respect to any issue relating to the validity, extent or priority of PNC Bank's security interests.

WHEREFORE, the Debtors respectfully request that the Court (i) enter an Order at the time of the hearing granting the relief requested herein and (ii) grant such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: July 3, 2013                           /s/John E Kaskey
                                              John E. Kaskey, Esquire
                                              Braverman Kaskey PC
                                              1650 Market Street
                                              56th Floor
                                              Philadelphia, Pa. 19103
                                              (215) 575-3910
                                              Proposed Attorneys for the Debtor